UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK JUNIOR TATUM,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

File No. 1:13-CV-286

HON. ROBERT HOLMES BELL

# **O P I N I O N**

This matter is before the Court on Movant Frank Junior Tatum's motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. (Dkt. No. 1, Mot. Vacate.) For the reasons that follow, this motion will be denied.

## I.

On June 9, 2010, the grand jury indicted Movant on a single count: possession with intent to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(a)(1). (1:10-CR-160, Dkt. No. 1, Indictment.) A jury found movant guilty, (1:10-CR-160, Dkt. No. 40, Jury Verdict) and Movant was sentenced to 63 months imprisonment. (1:10-CR-160, Dkt. No. 56, J. 2.) Movant appealed, and his sentence was affirmed on appeal. (1:10-CR-160, Dkt. No. 65, Op.) On March 18, 2013, Movant filed the present § 2255 motion.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the

sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

In reviewing a § 2255 motion where factual disputes arise, "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). The Court must grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than

statements of fact." *Valentine,* 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

**III.**

Movant asserts that counsel was ineffective for failing to: (1) advise him of all plea options and correctly recommend which option was best; (2) clearly communicate the breakdown of the attorney-client relationship to the Judge; and (3) investigate an allegedly exculpatory witness. (Dkt. No. 2, Br. in Supp. of Mot. Vacate.)

Claims of ineffective assistance are analyzed under the two-prong standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the defendant must show that counsel's performance fell below an objective standard of reasonableness. This requires a showing that counsel made errors so serious that he was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that there is a reasonable probability that, but for counsel's deficiency, the outcome of the proceedings would have been different. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. Unless the defendant makes both showings, it cannot be said that the "conviction resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 694.

When evaluating the assistance of counsel, a court must "indulge a strong presumption

3

that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Howard v. Bouchard*, 405 F.3d 459, 481 (6th Cir. 2005) (citing *McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996)). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments . . . ." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim . . . would disserve the very goal of vigorous and effective advocacy." *Id.* at 754 (citing *Anders v. California*, 386 U.S. 738, 744 (1967)). This high degree of discretion makes trial counsel's decisions "particularly difficult to attack . . . ." *McQueen*, 99 F.3d at 1311 (citing *O'Hara v. Wigginton*, 24 F.3d 823, 828 (1994)).

**A. Plea Options**

In his first ineffective assistance claim, Movant contends that Counsel failed to communicate a "non-cooperation plea offer" and, instead, "pushed" an alternative "cooperation plea offer." (Br. in Supp. of Mot. Vacate 3.) The record clearly contradicts Movant's allegation. *See Valentine,* 488 F.3d at 333.

The government never made the alleged "non-cooperation plea offer." The only offer available to the Movant was a plea to an alternative charge under 18 U.S.C. § 1952 ("Interstate and foreign travel or transportation in aid of racketeering enterprises" or "ITAR"), which carried a maximum five-year sentence. (Br. in Supp. of Mot. Vacate, Ex. 1,

at 4.) The agreement was conditioned upon Movant's cooperation with law enforcement. (Dkt. No. 12, Karafa Aff. ¶ 23.) As shown in Counsel's affidavit and attached exhibits, Counsel repeatedly attempted to communicate this plea offer to Movant. (*See* Karafa Aff.) Counsel sent multiple letters and made repeated phone calls to discuss the plea agreement. (*Id*. at ¶¶ 14-23, & Ex. 5-9.) Counsel will not be found ineffective for making persistent attempts to communicate and discuss the only plea offer available to Movant.

Movant further argues that he was so dissatisfied with Counsel that, if advised of the option, he would have entered an *Alford* plea to maintain his innocence and avoid going to trial with Counsel. Movant argues that a decision to enter an *Alford* plea would have lessened his sentence. (Br. in Supp. of Mot. Vacate 3.) Movant clearly fails the second prong of the *Stickland* test. An *Alford* plea would not change the factors that this Court considered at Movant's original sentencing. Accordingly, an *Alford* plea would not have lessened Movant's sentence and Movant suffers no prejudice as a result. Movant's assertion that his sentence would have been lessened is merely conclusory.

**B. Breakdown of Attorney-Client Relationship**

Movant next argues that Counsel failed to effectively communicate the breakdown of the attorney-client relationship in his motion to withdraw. (Br. in Supp. of Mot. Vacate 4.) Again, the record clearly contradicts Movant's contention. At the time of the final pretrial conference, Counsel notified this Court of his efforts to contact Movant and Movant's adamant refusals to speak with Counsel. (1:10-CR-160, Final Pretrial Conf. Tr. 2-4.) There

5

is no evidence that the information conveyed by Counsel was insufficient for this Court to make an adequate inquiry. This Court found that the details provided by Counsel did not constitute a "complete" breakdown of the attorney-client relationship. Counsel went on to vigorously represent Movant at trial, sentencing, and on appeal. At sentencing, Movant acknowledged that he was satisfied with Counsel's representation. (1:10-CR-160, Dkt. No. 63, Sent. Tr. 12-13.) Movant has failed to establish that Counsel's performance in advocating his motion to withdraw was deficient.

**C. Alleged Exculpatory Witness**

Movant's final ineffective assistance of counsel claim alleges that Counsel was ineffective for failing to call Willie Holmes as a defense witness. (Br. in Supp. of Mot. Vacate 5.) Movant asserts that Mr. Holmes would have provided testimony contradicting the testimony of Mr. Scott. *Id*. According to Movant's logic, such a contradiction would have lead the jury to a verdict of not guilty. *Id*. Counsel's choice not to call Mr. Holmes to the stand was a strategic decision clearly within his discretion. *See Strickland*, 466 U.S. at 689

> As Counsel explains in his affidavit,
>
> [t]here was no potentially favorable trial strategy that included an attempt to bring the United States Government's main target of the offense, one Willie Holmes, to Movant's trial since, among other reasons, Movant's testifying and cooperating co-defendant [Scott] had implicated Mr. Holmes in supervising several drug transactions in major cities, including the subject transaction involving Movant, and Holmes continued to be the subject of the Government's focus at the time of trial.

(Karafa Aff. ¶ 24.) Counsel is correct that Mr. Holmes was the target of the government's

investigation. (1:10-CR-160, Dkt. No. 61, Trial Tr. Vol. 1, at 7-8.) Counsel's decision not to call a witness subject to a high-profile criminal investigation, who would likely implicate Movant, was objectively reasonable.

To counter Counsel's strategic choice, Movant offers nothing more than speculation as to whether Mr. Holmes would have been willing to testify and whether that testimony would have been exculpatory. (Dkt. No. 3, Tatum Aff. ¶ 8.) Movant's conclusory assertion that Mr. Holmes would have exculpated him is insufficient to overcome the presumption that Counsel's strategic decision was reasonable. *See Strickland*, 466 U.S. at 689.

## IV.

Movant's last § 2255 claim contends that this Court abused its discretion in denying Counsel's motion to withdraw. (Br. in Supp. of Mot. Vacate 3.) Movant further contends that his claim is not procedurally barred because he is maintaining his claim of actual innocense and because Counsel was ineffective for failing to raise the claim on appeal. (*Id*. at 4.) Despite Movant's argument to the contrary, his claim is clearly subject to the procedural bar.

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and "actual prejudice"; or "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). To show cause, the petitioner must point to "some objective factor external to the defense" that prohibited him from raising his claims on direct appeal. *See*

7

*Murray v. Carrier*, 477 U.S. 478, 488. Claims decided on direct appeal may not be relitigated "absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (citing *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996)); *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996).

Movant first reasons that he has maintained his claim of actual innocense and that a claim asserting this Court's abuse of discretion is not procedurally barred as a result. (Br. in Supp. of Mot. Vacate 4.) Movant offers no credible evidence to support his claim. A jury found him guilty and the court of appeals affirmed his sentence. Movant's contention that he has maintained his claim of actual innocense is clearly without merit and entitles him to no relief. *See* Rules Governing § 2255 Cases, Rule 4(b).

Movant next reasons that his claim is not procedurally barred because Counsel was ineffective for failing to raise the claim on appeal. (Br. in Supp. of Mot. Vacate 4.) Counsel is not required to raise every colorable claim on appeal. *Jones*, 463 U.S. 754. "Generally, only when issues ignored are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Movant's abuse of discretion claim is, at best, a very weak argument. Counsel's choice to winnow out this claim was well within the boundaries of effective advocacy. *Jones v. Barnes*, 463 U.S. at 751-52.

A court reviewing abuse of discretion in denying a motion to substitute counsel should consider: (1) the timeliness of the motion; (2) the adequacy of the trial court's inquiry into

the defendant's complaint; (3) whether the conflict between the attorney and client is so great that it resulted in a total lack of communication which prevented an adequate defense; and (4) a balancing of these factors with the "public's interest in the prompt and efficient administration of justice." *United States v. Williams*, 176 F.3d 301, 314 (6th Cir. 1999) (citing *United States v. Jennings*, 83 F.3d 145, 148 (6th Cir. 1996)).

In this case, Movant provided no clear reason for his dissatisfaction with Counsel. Movant merely claimed that he was not "comfortable" with Counsel. (Final Pretrial Conf. Tr. 4.) It is unlikely that such a vague protest is sufficient to show a total lack of communication that would prevent an adequate defense. Further, this Court's inquiry into the defendant's complaint was adequate. When asked to articulate his discomfort with Counsel, Movant was unable to provide any clear reason that led to his genuine dissatisfaction. *Id*. Given the weaknesses of Movant's abuse of discretion claim, this Court finds Counsel's choice not to bring the claim on appeal objectively reasonable.

Movant's abuse of discretion claim is procedurally barred.

## V.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket

denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Date: <u>July 26, 2013</u>                                /s/ Robert Holmes Bell
                                                          ROBERT HOLMES BELL
                                                          UNITED STATES DISTRICT JUDGE